## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Trenton Fallgatter, on behalf of his** | : | **CIVIL ACTION LAW** |
| **natural and biological minor child, L.F.** | : | |
| **5243 Corte Estima, Apartment 71** | : | **NO.** |
| **Camarillo, CA 93012** | : | |
| **Plaintiffs** | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| | : | |
| **Morgan Ash, on behalf of her natural and** | : | |
| **biological minor child, L.F.** | : | |
| **963 Palmer Ave** | : | |
| **Camarillo, CA 93010** | : | |
| **Plaintiffs** | : | |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| | : | |
| | : | |
| **EF Educational Tours** | : | |
| **2 Education Circle** | : | |
| **Cambridge, MA 02141,** | : | |
| | : | |
| **EF Education First International, Ltd.** | : | |
| **2 Education Circle** | : | |
| **Cambridge, MA 02141,** | : | |
| | : | |
| **EF Institute for Cultural Exchange, Inc.** | : | |
| **2 Education Circle** | : | |
| **Cambridge, MA 02141,** | : | |
| | : | |
| **EF Education First International, Ltd.,** | : | |
| **Switzerland** | : | |
| **Selnaustrasse 30** | : | |
| **8001 Zurich, Switzerland** | : | |
| | : | |
| **Diego Manuel Taylor** | : | |
| **5761 New Berwick Hwy.** | : | |
| **Bloomsburg, PA 17815,** | : | |
| | : | |
| **Jennifer Taylor** | : | |
| **5761 New Berwick Hwy.** | : | |
| **Bloomsburg, PA 17815** | : | |
| | : | |
| **John Does I-V** | : | |
| **Defendants** | | |

## COMPLAINT

Plaintiffs, Trenton Fallgatter and Morgan Ash, as parents and natural guardians of the minor, L.F. ("Plaintiffs"), by and through their counsel, Hill & Associates, P.C., state as follows:

## PRELIMINARY STATEMENT

1. This is an action for civil redress and monetary relief on behalf of the minor-Plaintiff, then-16 year old L.F., who was irrevocably harmed on or about June 27, 2022, when Defendant Diego Taylor sexually assaulted and raped her while they were both participating on an international trip in Spain that was organized, operated, controlled, and supervised by EF Educational Tours, EF Education First International, Ltd., EF Institute for Cultural Exchange, Inc., and EF Educational First International, Ltd., Switzerland (collectively referred to herein as "the EF Defendants".

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. Sections 1332, in that the amount in controversy exceeds seventy five thousand dollars ($75,000.00) and Plaintiffs, as well as their minor-daughter, are citizens of a state that is different from the states where Defendants are citizens, are incorporated, and where the corporate Defendants have their principal place of businesses.  This Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. Section 1367.

3. Venue is appropriately laid in this Court pursuant to 28 U.S.C. Section 1391(b)(3).  This Section provides that a civil action may be brought, "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." In this action, not all Defendants reside in the same state, as such, Section 1391(b)(1) is

inapplicable.  Furthermore, the events giving rise to this lawsuit occurred in the country of Spain.  Therefore, Section 1391(b)(2) is also inapplicable.  Accordingly, this action may be brought in this venue under Section 1391(b)(3) because Defendants Diego Taylor and Jennifer Taylor are residents of Bloomsburg, Pennsylvania, making them subject to this Honorable Court's personal jurisdiction.

## PARTIES

4. Plaintiff Trenton Fallgatter is the parent and natural guardian of the minor, L.F., and brings this lawsuit on his daughter's behalf.

5. Plaintiff Morgan Ash is the parent and natural guardian of the minor, L.F., and brings this lawsuit on her daughter's behalf.

6. L.F. is a minor who resides and is domiciled with her father, Trent Fallgatter, at the address set forth in the caption.

7. Plaintiffs Trenton Fallgatter, Morgan Ash, and their minor daughter, L.F. all reside and are domiciled in the State of California at the addresses set forth above, and all are citizens of the State of California.

8. Upon information and belief, Defendant EF Educational Tours is a corporation in the international tourism and hospitality industry, organized in the State of Massachusetts with a principal place of business at 2 Education Circle Cambridge MA 02141. This Defendant is a resident of Massachusetts.  Defendant EF Tours regularly conducts business in the Commonwealth of Pennsylvania, including but not limited to by contracting with residents of Pennsylvania for international trips, such as it did in this instance with the Taylor Defendants.

9. Upon information and belief, Defendant EF Education First International, Ltd. is a corporation in the international tourism and hospitality industry, organized in the State of Massachusetts with a principal place of business at 2 Education Circle Cambridge MA 02141. This Defendant is a resident of Massachusetts. This Defendant regularly conducts business in the Commonwealth of Pennsylvania, including but not limited to by contracting with residents of Pennsylvania for international trips, such as it did in this instance with the Taylor Defendants.

10. Upon information and belief, Defendant EF Institute for Cultural Exchange, Inc. is a corporation in the international tourism and hospitality industry, organized in the State of Massachusetts with a principal place of business at 2 Education Circle Cambridge MA 02141. This Defendant is a resident of Massachusetts. This Defendant regularly conducts business in the Commonwealth of Pennsylvania, including but not limited to by contracting with residents of Pennsylvania for international trips, such as it did in this instance with the Taylor Defendants.

11. Upon information and belief, Defendant E.F. Education First International, Ltd., Switzerland is a Swiss corporation doing business in the international tourism and hospitality industry with its headquarters and principal place of business at Selnaustrasse 30 8001 Zurich, Switzerland. This Defendant is not a resident of the United States. This Defendant regularly conducts business in the United States of America and, more specifically, in the Commonwealth of Pennsylvania, including but not limited to by contracting with residents of Pennsylvania for international trips, such as it did in this instance with the Taylor Defendants.

12. Defendant John Does I-V are group leaders, tour directors, tour operators, EF officers, EF staff, employees, servants, agents, or workers of the EF Defendants who were responsible for the organization, operation, supervision, oversight, and logistics of the subject trip to Spain, and who were under the control and direction of the EF Defendants and for whom the EF Defendants are vicariously liable.  The names of these individuals are currently unknown to Plaintiffs but will be determined during the course of discovery, and are currently known to the EF Defendants.

13. Upon information and belief, Defendant Diego Taylor is an adult individual residing and domiciled at 5761 New Berwick Highway Bloomsburg, PA 17815.  He is a citizen of the Commonwealth of Pennsylvania.

14. Defendant D. Taylor was the individual participant on the subject trip to Spain who sexually assaulted the minor, L.F., as set forth herein.

15. Upon information and belief, Defendant Jennifer Taylor is an adult individual and parent of Defendant D. Taylor, residing and domiciled at 5761 New Berwick Highway Bloomsburg, PA 17815.  She is a citizen of the Commonwealth of Pennsylvania.

16. Defendant J. Taylor was an EF chaperone and/or EF group leader on the trip to Spain when her son, Defendant D. Taylor, sexually assaulted L.F.

## FACTUAL BACKGROUND

17. Plaintiffs registered their then-16 year old daughter, L.F., to attend a trip with other high school students to Spain, which the EF Defendants advertised, organized, and operated.

18. Plaintiffs relied on the representations and promises of the EF Defendants that they would provide a safe and secure experience, including adult supervision over the minor students on this international trip.

19. Plaintiffs paid the EF Defendants the required "program price" for their daughter to attend the subject trip.

20. Plaintiffs do not have in their possession a full and complete copy of the executed contractual agreement between them and the EF Defendants; however, it is believed and averred that the EF Defendants have possession of said documentation.

21. As discussed herein, the EF Defendants failed to provide a safe and secure experience for L.F., and, instead, placed L.F. in harm's way by assigning her to an unsupervised hotel floor, and an unsupervised hotel room that was directly next to an unsupervised sexual predator on the same trip.

22. On June 25, 2022, L.F. arrived in Madrid Spain, as part of a group of seventeen students from California participating in a trip that the EF Defendants advertised, organized, controlled and operated.

23. The EF Defendants agreed to, and had a duty to, provide "a safe travel experience" for these minor students, including L.F., which duty included supervision of the minor-children in their care, custody and control during the trip.

24. Upon arrival in Spain, L.F.'s Californian group was "consolidated" with a second group of high school students from Pennsylvania who were participating in the same trip that the EF Defendants advertised, organized, controlled and operated.[1]

---

[1] The EF Defendants represent that they consolidate groups from other schools, with varying ages, to keep their costs down.

25. Defendant D. Taylor was part of this Pennsylvania group.

26. The consolidated groups were placed at the same hotel, which accommodation was organized, supervised, and controlled by the EF Defendants.

27. Defendant D. Taylor and L.F. were assigned hotel rooms directly next door to one another by the EF Defendant, which assignments were organized, supervised (or supposed to be supervised), and controlled by the EF Defendants.

28. There was no separation of the students by gender based on hotel floor assignments by the EF Defendants, i.e. female rooms on one floor, male rooms on another floor.

29. There was no separation of the students by gender based on sides of the hotel by the EF Defendants, i.e. female rooms on one corridor, male rooms on another.

30. Despite the vulnerable age of these minor travelers, minor female travelers were placed in rooms directly next to minor male travelers.

31. Despite the vulnerable age of these minor travelers, there was no implanting or enforcing safety rules in the hotel for the minor travelers, such as curfews or prohibiting minor travelers of one sex from being in the rooms of minor travelers of the opposite sex.

32. Despite the vulnerable age of these minor travelers, there was no supervision of the minor travelers once in the hotel by the EF Defendants, such as room checks or hallway monitors.

33. At all times material, Defendant J. Taylor was an EF chaperone, EF group leader, EF tour guide, or EF supervisor on the subject trip, who was responsible, along with the other John Doe Defendants for the supervision of the minor travelers, including but not limited to her son, Defendant D. Taylor.

34. Almost immediately when the groups were consolidated by the EF Defendants, Defendant D. Taylor began aggressively pursuing L.F. in the manner of initiating unwelcome advances, following her, and making unwelcome comments about her appearance and presentation, which advances L.F. repeatedly and verbally refused.

35. Despite these open an aggressive behaviors displayed by Defendant D. Taylor, which the EF Defendants knew or should have know about vis a vis the assigned group leaders, tour guides, tour directors, or other personnel assigned to monitor the minor travelers, the EF Defendants did nothing to intervene, monitor, or supervise this conduct, and did not take precautions to insure these minor travelers were not assigned to abutting hotel rooms.

36. Defendant D. Taylor continued to harass L.F. once the consolidated group was at the hotel insisting that she meet with him at the hotel in his room, which L.F. continually refused.

37. On June 27, 2022, L.F. finally agreed to meet with Defendant D. Taylor in the hotel hallway to tell him directly that his advances and harassing behavior were unwelcome and insist that he leave her alone.

38. There were no EF group leaders, EF supervisors, EF chaperones, or EF tour guides anywhere in the vicinity when these two minor travelers were in the hallway of the hotel outside their assigned, neighboring rooms, which rooms had been assigned by the EF Defendants.

39. Defendant D. Taylor arrived shirtless in the hallway, grabbing L.F. by the wrists, and pulling her into his hotel room.

40. L.F. pleaded, protested, and insisted that the Defendant D. Taylor stop, which he did not.

41. Defendant D. Taylor ignored L.F.'s protests, cries, and tears, and proceeded to kiss her, and rub his body against hers.

42. Despite L.F.'s ongoing protests, cries, and tears, Defendant D. Taylor forced L.F. onto the bed, and proceeded to sexually assault and rape L.F. multiple times over several hours.  He also photographed her against her wishes afterward.

43. Once Defendant D. Taylor freed L.F., L.F. reported the attack to the EF Defendants, she was given medical attention at a Spanish Hospital, and Defendant D. Taylor was arrested and charged with the assault.

44. As set forth above, the EF Defendants organized, operated, facilitated, assigned group leaders and tour guides and tour directors, and executed this trip to Spain.

45. Plaintiffs believed that the trip would be safe for their daughter, L.F., to attend based on the representations and promises of the EF Defendants.

46. Plaintiffs believed that the EF Defendants would provide secure, proper, and sufficient adult supervision to the minor travelers based on the EF Defendants' representations and promises.

47. The EF Defendants failed to employ, train, supervise, and direct Group Leaders, Tour Guides, Tour Directors, and other staff, to insure that they were properly supervising these minor travelers on this international trip.

48. The EF Defendants failed to take necessary precautions to ensure that the minor travelers were safe while staying in the hotel that the EF Defendants had arranged, and in the hotel rooms that the EF Defendants had assigned.

49. The EF Defendants failed to keep a lookout at the hotel that they had arranged and over the rooms that they had assigned to make certain that there were no problems that arose especially considering the young ages and mixed genders of the minor travelers that the EF Defendants had organized and put in such close proximity to one another.

50. The EF Defendants failed to take necessary precautions by not have the supervising adults monitoring the minor travelers in the hotel that the EF Defendants had arranged and over the rooms that the EF Defendants had assigned.

51. As a proximate result of the acts and omissions of the Defendants, L.F. suffered severely, physically, emotionally, psychologically, and will continue to do so into the future.

## COUNT I
## PLAINTIFFS V. THE EF DEFENDANTS
## NEGLIGENCE

52. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

53. The EF Defendants had a duty to L.F., which duty the EF Defendants breached, and proximately caused L.F.'s harm, which negligence includes:

   a. Failing to exercise reasonable and ordinary care to make, create, maintain, and insure a safe and secure trip for their minor travelers on the trip as advertised, promised, and required;

   b. Failing to provide, maintain, and implement reasonable measures and procedures to ensure the safety and security of their minor travelers on the EF trip;

   c. Failing to exercise reasonable or ordinary care in the hiring, training, supervising, and maintaining of their employees, servants, agents, officers and representatives,

including but not limited to group leaders, tour directors, tour operators, EF officers, and other EF staff;

d. Failing to exercise reasonable and ordinary care in the assignment of their minor travelers to their hotel rooms, including taking into consideration age, gender, behavior, and proximity to other students;

e. Failing to exercise reasonable and ordinary care in the supervision of their minor travelers while at their assigned hotels;

f. Failing to implement and adhere to safety rules, regulations, guidelines, and policies pertaining to their employees, servants, agents, officers, and representatives relative to the supervision and oversight of their minor travelers;

g. Failing to properly supervise their minor travelers on the subject trip;

h. Failing to properly supervise the group leaders, tour guides, tour directors, and other personnel operating the subject trip and responsible for their minor travelers;

i. Failing to protect L.F., a minor traveler, under the care, custody and control of the EF Defendants while on the subject trip from physical and sexual harm by a third person, who was also under the care, custody and control of the EF Defendants, which duty the EF Defendants assumed given the relationship of the parties at the relevant time;

j. Failing to implement a method of operation, which was reasonable, safe, secure, and would prevent dangerous situations such as the one L.F. suffered.

54. The breach of the EF Defendants' duties proximately caused L.F. serious, permanent, and irreparable injury.

55. The EF Defendants are jointly and severally liable for the injuries and damages suffered by L.F.

56. The EF Defendants are responsible for the acts and omissions of their employees, servants, agents, officers, and representatives, including without limitation under the doctrine of respondeat superior and/or vicarious liability.

**WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

    a.  damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    b.  interest in the maximum amount allowed by law;

    c.  attorney's fees and costs in the maximum amount allowed by law; and

    d.  such other and further relied as the Court deems just.

<u>**COUNT II**</u>

**PLAINTIFFS V. THE EF DEFENDANTS**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

57. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

58. The EF Defendants negligently inflicted emotional distress on L.F. through the following actions and inactions, which caused her physical and sexual assault:

a.  Failing to exercise reasonable and ordinary care to make, create, maintain, and insure a safe and secure trip for their minor travelers on the trip as advertised, promised, and required;

b.  Failing to provide, maintain, and implement reasonable measures and procedures to ensure the safety and security of their minor travelers on the EF trip;

c.  Failing to exercise reasonable or ordinary care in the hiring, training, supervising, and maintaining of their employees, servants, agents, officers and representatives, including but not limited to group leaders, tour directors, tour operators, EF officers, and other EF staff;

d.  Failing to exercise reasonable and ordinary care in the assignment of their minor travelers to their hotel rooms, including taking into consideration age, gender, behavior, and proximity to other students;

e.  Failing to exercise reasonable and ordinary care in the supervision of their minor travelers while at their assigned hotels;

f.  Failing to implement and adhere to safety rules, regulations, guidelines, and policies pertaining to their employees, servants, agents, officers, and representatives relative to the supervision and oversight of their minor travelers;

g.  Failing to properly supervise their minor travelers on the subject trip;

h.  Failing to properly supervise the group leaders, tour guides, tour directors, and other personnel operating the subject trip and responsible for their minor travelers;

i.  Failing to implement a method of operation, which was reasonable, safe, secure, and would prevent dangerous situations such as the one L.F. suffered.

59. L.F. continues to struggle to recover from the emotional distress and mental anguish as a direct and proximate result of the actions and inactions of the Defendants.

**WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

    a.   damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    b.   interest in the maximum amount allowed by law;

    c.   attorney's fees and costs in the maximum amount allowed by law; and

    d.   such other and further relied as the Court deems just.

<u>**COUNT III**</u>

**PLAINTIFFS V. THE EF DEFENDANTS**

**NEGLIGENT MISREPRESENTATION**

60. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

61. The EF Defendants negligently, carelessly, and recklessly represented to Plaintiffs that they would provide safety and security measures and supervision that would be in effect and implemented and enforced on the subject trip with regard to the minor travelers, including L.F. and Defendant D. Taylor.

62. The EF Defendants negligently, carelessly, and recklessly represented to Plaintiffs that they would provide safety and secure hotel accommodations on the subject trip for the minor travelers, including L.F. and Defendant D. Taylor.

63. Plaintiffs relied on these representations in making the decision to send their minor daughter on this program and pay the program fees.

64. Without the promises, representations, and reassurances of the EF Defendants, Plaintiffs would not have agreed to send their minor daughter on this trip and pay the program fees for same.

65. Despite the representations, statements, and promises to the contrary, the EF Defendants never intended on implementing and enforcing safety and security and supervisory measures for the protection of the minor travelers choosing and intending instead to simply collect the program fees and then leave the minor travelers completely unsupervised despite their mixed gender, vulnerable age, and hotel assignments.

66. Plaintiffs are entitled to damages for these material misrepresentations that resulted in the harm suffered by L.F. as set forth herein.

**WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

a.  damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

b.  interest in the maximum amount allowed by law;

c.  attorney's fees and costs in the maximum amount allowed by law; and

d.  such other and further relied as the Court deems just.

## COUNT IV

### PLAINTIFFS V. THE EF DEFENDANTS

### FRADULUENT MISREPRESENTATION

67. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

68. The EF Defendants purposefully and intentionally deceived the Plaintiffs with regard to the safety and security measures and supervision that would be effect and implemented and enforced on the subject trip with regard to the minor travelers, including L.F. and Defendant D. Taylor.

69. Plaintiffs relied on these representations in making the decision to send their minor daughter on this program and pay the program fees.

70. Without the promises, representations, and reassurances of the EF Defendants, Plaintiffs would not have agreed to send their minor daughter on this trip and pay the program fees for same.

71. Despite the representations, statements, and promises to the contrary, the EF Defendants never intended on implementing and enforcing safety and security and supervisory measures for the protection of the minor travelers choosing and intending instead to simply collect the program fees and then leave the minor travelers completely unsupervised despite their mixed gender, vulnerable age, and hotel assignments.

72. Plaintiffs are entitled to damages for these fraudulent misrepresentations that resulted in the harm suffered by L.F. as set forth herein.

73. Plaintiff is entitled to punitive damages regarding the EF Defendants' fraudulent misrepresentations, which were made to induce Plaintiffs to pay the program fees,

agree to the terms and conditions set forth, and entrust the care and supervision of their minor-daughter to the EF Defendants.

**WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

    a.  damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    b.  punitive damages;

    c.  interest in the maximum amount allowed by law;

    d.  attorney's fees and costs in the maximum amount allowed by law; and

    e.  such other and further relied as the Court deems just.

**COUNT V**

**PLAINTIFFS V. THE EF DEFENDANTS**

**BREACH OF CONTRACT**

74. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

75. Plaintiffs and the EF Defendants entered into a contract for L.F. to participate in the subject international trip.

76. The EF Defendants agreed to provide a safe, secure, and supervised international trip for the Plaintiffs' minor daughter, L.F., for the cost of the program, which Plaintiffs paid.

77. The EF Defendants drafted the contract and all of its subparts in their entirety.

78. The EF Defendants failed to comply with the terms of the contract in that they failed to provide a safe, secure, and supervised international trip for the Plaintiffs' minor-daughter, L.F.

79. The EF Defendants failed to comply with the terms of the contract in that they failed to provide safe, secure, and supervised hotel accommodations for the Plaintiffs' minor-daughter, L.F.

80. As a result of the EF Defendants' breach of contract, L.F. has suffered damages including but not limited to those listed above, which are included as if stated in full here.

**WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

a.  damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

b.  interest in the maximum amount allowed by law;

c.  attorney's fees and costs in the maximum amount allowed by law; and

d.  such other and further relied as the Court deems just.

## COUNT VI

### PLAINTIFFS V. DEFENDANT D. TAYLOR

### ASSAULT

81. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

82. The aforementioned sexual assault and battery was committed by Defendant D. Taylor.

83. As a result of the aforementioned incident, L.F. sustained serious and permanent injury.

84. As a result of the aforementioned incident, L.F. was caused to sustain serious injury including suffering, embarrassment, humiliation, and mental anguish.

**WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

a.  damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

b.  interest in the maximum amount allowed by law;

c.  attorney's fees and costs in the maximum amount allowed by law; and

d.  such other and further relied as the Court deems just.

## <u>COUNT VII</u>
### PLAINTIFFS V. DEFENDANT D. TAYLOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

86. Defendant D. Taylor intentionally inflicted emotional distress on L.F. by continually harassing her over her objections, continually touching her over her objections, continually making unwanted advances and propositions to her, and ultimately by physically and sexually assaulting and raping her.

87. L.F. continues to struggle to recover from the emotional distress and mental anguish which Defendant D. Taylor caused her.

   **WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

88. damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

89. interest in the maximum amount allowed by law;

90. attorney's fees and costs in the maximum amount allowed by law; and

91. such other and further relied as the Court deems just.

## <u>COUNT VIII</u>

## **PLAINTIFFS V. DEFENDANT J. TAYLOR AND JOHN DOE DEFENDANTS I-V NEGLIGENCE**

92. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

93. Defendant J. Taylor and John Doe Defendants I-V had a duty to L.F., which duty they breached, and proximately caused L.F.'s harm, which negligence includes:

   a. Failing to exercise reasonable and ordinary care to make, create, maintain, and insure a safe and secure trip for the EF minor travelers on the trip as advertised, promised, and required;

   b. Failing to disclose known attributes and behaviors of Defendant D. Taylor that made him a risk to others on the subject trip to the EF Defendants;

c. Failing to intervene during the trip when Defendant D. Taylor exhibits the behaviors set forth in the preceding paragraphs of this Complaint to make certain that he was removed from the program, kept away from L.F., and reported to the program officials.

d. Failing to provide, maintain, and implement reasonable measures and procedures to ensure the safety and security of the EF minor travelers on the EF trip;

e. Failing to exercise reasonable and ordinary care in the assignment of their minor travelers to their hotel rooms, including taking into consideration age, gender, behavior, and proximity to other students;

f. Failing to exercise reasonable and ordinary care in the supervision of the EF minor travelers while at their assigned hotels;

g. Failing to implement and adhere to safety rules, regulations, guidelines, and policies pertaining to the EF employees, servants, agents, officers, and representatives relative to the supervision and oversight of their minor travelers;

h. Failing to properly supervise the EF minor travelers on the subject trip;

i. Failing to protect L.F., a minor traveler, under their care, custody and control of while on the subject trip from physical and sexual harm by a third person, who was also under their care, custody and control, which duty they assumed given the relationship of the parties at the relevant time; and

j. Failing to implement a method of operation, which was reasonable, safe, secure, and would prevent dangerous situations such as the one L.F. suffered.

94. The breach of Defendant J. Taylor and John Doe Defendants I-V's duties proximately caused L.F. serious, permanent, and irreparable injury.

95. Defendant J. Taylor and John Doe Defendants I-V are jointly and severally liable for the injuries and damages suffered by L.F.

**WHEREFORE**, based on the foregoing, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for the following relief:

    f.   damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    g.   interest in the maximum amount allowed by law;

    h.   attorney's fees and costs in the maximum amount allowed by law; and

    i.   such other and further relied as the Court deems just.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by a jury on all of the triable issues of this Complaint.

Respectfully submitted,

*/s/ Susan B. Ayres*

_____
Susan B. Ayres, Esquire
Attorney for Plaintiff
**Hill & Associates, P.C.**
1700 Market Street, Suite 3150
Philadelphia, PA 19103
215-567-7600
Leonard@Hilljustice.com

Date: 6/20/23