IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRENTON FALLGATTER, on behalf on his natural and biological minor child, L.F., and MORGAN ASH, on behalf of her natural and biological minor child, L.F. | : : : : : | |
| Plaintiffs | : : | |
| v. | : : : | NO. 4:23-CV-01038 KM (Hon. Karoline Mehalchick) |
| EF EDUCATIONAL TOURS, EF EDUCATION FIRST INTERNATIONAL, LTD., EF INSTITUTE FOR CULTURAL EXCHANGE, INC., EF EDUCATION FIRST INTERNATIONAL, LTD. (SWISS), DIEGO MANUEL TAYLOR, JENNIFER TAYLOR, and JOHN DOES I-V. | : : : : : : : : : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS EF EDUCATION FIRST INTERNATIONAL, LTD. (SWISS) AND EF INSTITUTE FOR CULTURAL EXCHANGE, INC. TO DISMISS EF EDUCATIONAL TOURS AND EF EDUCATION FIRST INTERNATIONAL, LTD. (US) FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

Now come Defendants EF Education First International, Ltd., a Swiss entity, and EF Institute for Cultural Exchange, Inc., (the "EF Defendants") and submit this brief in support of their motion to dismiss improperly named nonentity defendants EF Educational Tours and EF Education First International, Ltd. purportedly a US entity, for failure to state a claim on which relief can be granted because they lack

1

legal existence and therefore lack capacity to be sued.

Plaintiffs will not be prejudiced by the requested relief being granted because the two moving Defendants are the correct Defendants, remain viable Defendants which have appeared and answered, and are actively participating in the case.

## **INTRODUCTION**

Plaintiffs represent the interests of their minor daughter, L.F., who claims to have been sexually assaulted while on an educational tour of Spain by another student on the tour. *See* Complaint ¶ 1. Defendant EF Education First International, Ltd. (Swiss) is a Swiss corporation in the business of selling and operating international educational tours which included the sale and operation of the tour L.F. was on. The tour was marketed by Defendant EF Institute for Cultural Exchange, Inc., as Massachusetts corporation. *See* Complaint ¶ 10, 11, and Exhibit 1.[1]

Plaintiffs Trenton Fallgatter and Morgan Ash, as representatives of the minor Plaintiff, L.F. ("Plaintiffs") named four entities as Defendants in this case:

1. EF Educational Tours, alleged to be a corporation with a principal place of business in Massachusetts. Complaint ¶ 8.

---

[1] Plaintiffs assert a claim for breach of contract and refer to the contract throughout the Complaint, thereby incorporating the contract into their pleadings. Accordingly a copy of the contract is attached hereto as Exhibit 1. *Hiscox Ins. Co., Inc. v. MRB Lawn Servs.*, No. CV 22-2827, 2023 WL 6050221, at *4 (E.D. Pa. Sept. 15, 2023) (court may consider documents incorporated into the complaint by reference in evaluating a motion to dismiss).

2

2. EF Education First International, Ltd., alleged to be a corporation with a principal place of business in Massachusetts. ("EF Education First International, Ltd. (US)") *Id.* ¶ 9.

3. EF Institute for Cultural Exchange, Inc., alleged to be a Massachusetts company with a principal place of business in Massachusetts. *Id.* ¶ 10 ("EF Institute").

4. EF Education First International, Ltd., Switzerland, alleged to be a Swiss corporation with a principal place of business in Zurich, Switzerland ("EF Education First International, Ltd. (Swiss)"). *Id.* ¶ 11.

At the outset of this case, and repeatedly thereafter, Defendants have advised Plaintiffs that EF Educational Tours and EF Education First International (US) are not entities with separate, legally recognized existences and therefore lack the capacity to be sued. Improperly named EF Educational Tours is nothing more than the name of a product used by EF Institute for Cultural Exchange, Inc. in marketing tours operated by EF Education First International, Ltd. (Swiss), including the tour Spain in which L.F. participated. This is spelled out in the first paragraph of the Booking Conditions, i.e., the contract referred to and relied upon by Plaintiffs in their Complaint. Complaint at ¶¶ 74-80; Exhibit 1, first paragraph. Improperly named defendant EF Education First International, Ltd. (US) simply does not exist.

## REQUEST FOR JUDICIAL NOTICE

The Court may "judicially notice a fact that is not subject to reasonable dispute because it. . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.Evid. 201. The Court may take judicial notice of a fact at the request of a party at any stage of the proceeding. *Id.*

The EF Defendants respectfully request that the Court take judicial notice of the fact that there are no records of EF Education Tours or EF Education First International, Ltd. existing as legal entities in Massachusetts, as shown in the documents attached as Exhibits 2-5, which consist of true and correct copies of printouts from the Secretary of the Commonwealth of Massachusetts Corporations Division Corporate Database showing that there are no records for entities by the name of EF Educational Tours or EF Education First International, Ltd. organized or authorized to do business in Massachusetts at any time. In contrast, there are records for EF Institute for Cultural Exchange, Inc., including records for an entity that was dissolved in 1994, and one that is active and in good standing today and is a named defendant in this case.

## ARGUMENT

### A. Standard of Review

A motion to dismiss due to a party's lack of capacity to sue or be sued may be brought as a motion to dismiss for failure to state a claim on which may be granted.

*See Burkes v. Tranquilli*, No. CIV.A. 08-474, 2008 WL 2682606, at *5 (W.D. Pa. July 2, 2008) (dismissing case against the Office of the District Attorney for failure to state a claim because it lacked the capacity to be sued); *see also Griffith & Burr, P.C. v. Unisource Software Corp.*, No. CIV. A. 88-5378, 1989 WL 100897, at *1 (E.D. Pa. Aug. 29, 1989) (considering but denying motion to dismiss for lack of capacity to be sued).

"In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Tidewater Equip. Co.*, No. 3:21-CV-00551, 2022 WL 896876, at *2 (M.D. Pa. Mar. 9, 2022), report and recommendation adopted, No. 3:21-CV-551, 2022 WL 891428 (M.D. Pa. Mar. 25, 2022) (citing *Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994)). The Court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss" or "assume that a plaintiff can prove facts that the plaintiff has not alleged." *Id.* (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983)).

"Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss, it may consider documents integral to

or explicitly relied upon in a complaint without converting the motion to dismiss into a motion for summary judgment." *Cotton v. Allegheny Cnty.*, No. CIV.A. 11-969, 2012 WL 4755030, at *3 (W.D. Pa. Oct. 4, 2012) (citations omitted) *West Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 97 (3d Cir.2010); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997). The court may also consider facts of which it may take judicial notice. *Id.* (citing *Pryor v. Nat'l Coll. Athletic Ass'n,* 288 F.3d 548, 560 (3d Cir. 2002)).

### B. Both EF Educational Tours and EF Education First International, Ltd. (US) Lack Legal Existence.

In order to participate in a lawsuit, a party must have a legal existence "which the law recognizes." *Williamsport Firemen Pension Boards I & II v. E.F. Hutton & Co.*, 567 F. Supp. 140, 142 (M.D. Pa. 1983) (quoting *Philadelphia Facilities Management Corp. v. Biester,* 431 A.2d 1123, 1127 (Pa. Comm. Ct. 1981) and citing *Thompson v. Peck,* 181 A. 597 (Pa. 1935); *McConnell v. Apollo Savings Bank,* 23 A. 347 (Pa. 1892)). In the absence legal existence, any adjudication is a nullity. *Thompson v. Peck*, 320 Pa. 27, 30, 181 A. 597, 598 (1935); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 311 F.R.D. 152, 154 (E.D. Pa. 2015) ("because a deceased individual has no legal existence, a suit brought in his name is a nullity").

Along with the lack of legal existence comes a lack of capacity to be sued. Under the Federal Rules of Civil Procedure, capacity is determined as follows:

(1) for an individual who is not acting in a representative capacity, by

> the law of the individual's domicile;
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located, except that:
>
>> (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
>> (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

Fed. R. Civ. P. 17(b). As EF Educational Tours and EF Education First International, Ltd. (US) are neither individuals nor corporations, they fall under subsection (3) "all other parties," and so the law of Pennsylvania applies to determine capacity.

As set forth above, Pennsylvania law requires that a party have a recognized legal existence for it to have capacity to be sued. Nonentities, such as an unincorporated subdivision of a corporation, lack capacity to be sued, and therefore must be dismissed. *Babich v. Karsnak*, 528 A.2d 649, 653 (Pa. Super. 1987) (granting summary judgment for an unincorporated subdivision of another entity on grounds that it was not capable of being sued); *followed by*, *AK Steel Corp. v. Viacom, Inc.*, 835 A.2d 820, 824 (Pa. Super. 2003); *see also Talley v. Supreme Ct. of Pennsylvania*, No. 3:17-CV-1632, 2019 WL 5446052, at *10 (M.D. Pa. May 23, 2019 (Mehalchick, MJ), *report and recommendation adopted sub nom. Talley v. Supreme Ct. of Pennsylvania*, No. 3:17CV1632, 2019 WL 5424399 (M.D. Pa. Oct.

23, 2019), *aff'd as modified*, No. 19-3581, 2022 WL 1701849 (3d Cir. May 27, 2022); *Krumbine v. Lebanon Tax Claim Bureau,* 663 A.2d 158 (1995) (unincorporated association not a legal entity and has no legal existence). This is the closest analogy to the situation presented here. EF Educational Tours is the name of a product marketed by EF Institute for Cultural Exchange, Inc. *See* Exhibit 1. It is not a separate company or even a subdivision of one of the EF Defendants. EF Education First International, Ltd. (US) is even a step further removed from having legal existence. It was simply made up by Plaintiffs' counsel. The correct entity, EF Education First International, Ltd., a Swiss entity, has been named, has accepted service, has not contested jurisdiction, and is actively defending the case.

## CONCLUSION

Accordingly, the EF Defendants respectfully request that the Court dismiss EF Educational Tours and EF Education First International, Ltd. (US) with prejudice and grant such other and further relief as is just and equitable.

                LAWSON & WEITZEN, LLP

                By:   /s/ Jeffrey P. Allen
                     Jeffrey P. Allen (Admitted *Pro Hac Vice)*
                     MA BBO 015500
                     Attorney for Defendants
                     EF Educational Tours, EF Education First International, Ltd., EF Institute for Cultural Exchange, Inc., EF Education

        First International, Ltd. (Swiss), and Jennifer Taylor

        88 Black Falcon Avenue
Suite 345
Boston, MA 02210
Tel: (617) 439-4990
Fax: (617) 439-3987
jallen@lawson-weitzen.com

By:  /s/ Brian J. Bluth
      Brian J. Bluth
      PA 87432
      Attorney for Defendants
      EF Educational Tours, EF Education First International, Ltd., EF Institute for Cultural Exchange, Inc., EF Education First International, Ltd. (Swiss), and Jennifer Taylor

      835 West Fourth Street
Williamsport, PA 17701
(570) 326-5131
(570) 601-0768 (fax)
bbluth@mcclaw.com

## CERTIFICATE OF SERVICE

I, JEFFREY P. ALLEN, hereby certify that the foregoing document was electronically filed with the Court and served on all counsel of record by the Court's ECF system on April 3, 2024.

/s/ Jeffrey P. Allen