UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRENTON FALLGATTER, et al., | |
| Plaintiffs | CIVIL ACTION NO. 4:23-CV-1038 |
| v. | (MEHALCHICK, J.) |
| EF EDUCATIONAL TOURS, et al., | |
| Defendants. | |

**MEMORANDUM**

This case was brought by Trenton Fallgatter and Morgan Ash on behalf of their minor daughter, L.F.[1] ("Plaintiff"). (Doc. 1). Broadly, Plaintiff asserts negligence, fraudulent misrepresentation, and breach of contract claims against Defendants EF Educational Tours, EF Education First International Ltd, EF Institute for Cultural Exchange, Inc. (collectively, "EF Defendants"), Jennifer Taylor, and John Does I-V, as well as an assault claim against Diego Manuel Taylor ("D. Taylor"). (Doc. 1). Presently before the Court are two motions: a motion to dismiss filed by EF Defendants (Doc. 24) and a motion for a protective order filed in a letter brief by Plaintiff. (Doc. 45). For the following reasons, both motions will be **DENIED**. (Doc. 24; Doc. 45).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The following factual background comes from Plaintiff's complaint. (Doc. 1). When she was 16, Plaintiff attended a trip to Spain with seventeen other Californian high school

---

[1] Upon a stipulation of counsel to amend the caption, both Trenton Fallgatter and Morgan Ash were terminated from this action on August 21, 2024. By this time, L.F. had reached the age of majority. (Doc. 33; Doc. 47; Doc. 48). Accordingly, L.F. remains as the sole Plaintiff in this case. (Doc. 47; Doc. 48).

students. (Doc. 1, ¶¶ 17, 22). The trip was organized by EF Defendants. (Doc. 1, ¶¶ 17, 22). Upon their arrival, Plaintiff's California high school group was consolidated with a group of highschoolers from Pennsylvania. (Doc. 1, ¶ 24). Defendant D. Taylor was among the Pennsylvania highschoolers. (Doc. 1, ¶¶ 24, 25). At the accommodations organized by EF Defendants, Plaintiff and D. Taylor were assigned to rooms next door to each other. (Doc. 1, ¶¶ 26, 27). According to Plaintiff, "[a]lmost immediately when the groups were consolidated by the EF Defendants, [D. Taylor] began aggressively pursuing [Plaintiff] in the manner of initiating unwelcome advances, following her, and making unwelcome comments about her appearance and presentation, which advances [Plaintiff] repeatedly and verbally refused." (Doc. 1, ¶ 34). Plaintiff further alleges that:

> Despite these open an [sic] aggressive behaviors displayed by [D. Taylor] which the EF Defendants knew or should have know [sic] about vis a vis the assigned group leaders, tour guides, tour directors, or other personnel assigned to monitor the minor travelers, the EF Defendants did nothing to intervene, monitor, or supervise this conduct, and did not take precautions to insure [sic] these minor travelers were not assigned to abutting hotel rooms.

(Doc. 1, ¶ 35).

Plaintiff further alleges that during the trip, after dragging her into his room from the hallway outside their adjacent hotel rooms, Plaintiff was sexually assaulted by D. Taylor. (Doc. 1, ¶¶ 38-42). Afterward, Plaintiff immediately reported the sexual assault to EF Defendants. (Doc. 1, ¶ 43). D. Taylor was arrested shortly after and charged with assault. (Doc. 1, ¶ 43).

The complaint alleges the following Counts: Count I—Negligence against EF Defendants; Count II—Negligent Infliction of Emotional Distress against EF Defendants; Count III—Negligent Misrepresentation against EF Defendants; Count IV—Fraudulent Misrepresentation against EF Defendants; Count V—Breach of Contract; Count VI—Assault

against Diego Manuel Taylor; Count VII—Intentional Infliction of Emotional Distress against Diego Manuel Taylor; and Count VIII—Negligence against Jennifer Taylor and John Doe Defendants I-V. (Doc. 1). As relief, Plaintiff seeks damages. (Doc. 1, at 22).

On April 3, 2024, EF Defendants filed a motion to dismiss for failure to state a claim, a brief in support of their motion, and accompanying exhibits. (Doc. 24; Doc. 25). Plaintiff filed a brief in opposition to the motion to dismiss as well as accompanying exhibits on April 11, 2024. (Doc. 27). EF Defendants filed a reply brief on April 24, 2024. (Doc. 29).

Upon the request of counsel, on August 14, 2024, the Court held a telephonic status conference to address a discovery dispute. The Court directed the parties to file letter briefs in support of their respective positions. On August 16, 2024, Plaintiff filed a letter with the Court requesting that a protective order be issued allowing Plaintiff's deposition to be taken remotely. (Doc. 45). Counsel for D. Taylor filed a responsive letter brief on August 20, 2024. (Doc. 46). EF Defendants field a responsive letter brief in opposition to Plaintiff's motion on August 22, 2024.[2] (Doc. 49). Accordingly, each matter before the Court is ripe and ready for discussion.

## II. LEGAL STANDARDS

### A. MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[2] Plaintiff filed a letter with the Court on October 10, 2024, to submit "additional information recently received" by D. Taylor during discovery. (Doc. 51). Counsel for D. Taylor responded with a letter shortly thereafter. (Doc. 52). Having reviewed the materials submitted, the Court finds they have no bearing on its analysis of the discovery dispute. Accordingly, these letters will not be further considered or discussed herein. (Doc. 51; Doc. 52).

12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

    B. MOTION FOR A PROTECTIVE ORDER

"Rule 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown. The party seeking a protective order bears the burden of demonstrating the 'good cause' required to support such an order." *Trans Pac. Ins. Co. v. Trans-Pac. Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). The decision of whether or not to grant a protective order pursuant to Rule 26(c) rests in the sound discretion of the trial court. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

**III.**     DISCUSSION

    A. EF DEFENDANTS' MOTION TO DISMISS

EF Defendants seek the dismissal of two associated defendants: EF Educational Tours and EF Education First International, Ltd. (US). (Doc. 24; Doc. 25). In her complaint,

Plaintiff names four entities that together form EF Defendants. These entities are as follows: EF Educational Tours, alleged to be a corporation with a principal place of business in Massachusetts (Doc. 1, ¶ 8); EF Education First International, Ltd., alleged to be a corporation with a principal place of business in Massachusetts. ("EF Education First International, Ltd. (US)") (Doc. 1, ¶ 9); EF Institute for Cultural Exchange, Inc., alleged to be a Massachusetts company with a principal place of business in Massachusetts. ("EF Institute") (Doc. 1, ¶ 10); and EF Education First International, Ltd., Switzerland, alleged to be a Swiss corporation with a principal place of business in Zurich, Switzerland ("EF Education First International, Ltd. (Swiss)") (Doc. 1, ¶11). EF Defendants seek dismissal of EF Educational Tours and EF Education First International, Ltd. (US) because, according to EF Defendants, these two defendants do not legally exist. (Doc. 25, at 6). Citing to attached exhibits, EF Defendants explain that "EF Educational Tours is the name of a product marketed by EF Institute for Cultural Exchange, Inc." and EF Education First International, Ltd. (US) was "simply made up" by Plaintiff's counsel. (Doc. 25, at 8). EF Defendants continue that the "correct entity, EF Education First International, Ltd., a Swiss entity, has been named, has accepted service, has not contested jurisdiction, and is actively defending the case." (Doc. 25, at 8).

Pointing to her own attached exhibits, Plaintiff responds that EF Defendants' request for dismissal of the challenged entities is premature. (Doc. 27-7, at 1-2). When naming Defendants, Plaintiff asserts that she relied on "documentation about the educational abroad program and as well online materials found at the website eftours.com." (Doc. 27-7, at 2). Furthermore, Plaintiff claims she sought information relevant to this inquiry in her Requests for Admissions and Interrogatories. (Doc. 27-7, at 7). However, because she received "evasive

- 6 -

and less than complete responses" from EF Defendants, Plaintiff declares she is "unwilling to voluntarily dismiss any entities from this matter" until depositions of the corporate designees are taken.[3] (Doc. 27-7, at 7).

To participate in a lawsuit, a party must have "an actual or legal existence" "which the law recognizes." *Williamsport Firemen Pension Boards I & II v. E.F. Hutton & Co.*, 567 F. Supp. 140, 142 (M.D. Pa. 1983); *see also McConnell v. Apollo Savings Bank*, 146 Pa. 79, 23 A. 347 (1892). While both parties have submitted evidence in support of their respective positions regarding whether EF Educational Tours and EF Education First International (US) are legal entities, EF Defendants ask this Court to take judicial notice of the fact that:

> there are no records of EF Education Tours or EF Education First International, Ltd. existing as legal entities in Massachusetts, as shown in the documents attached as Exhibits 2-5, which consist of true and correct copies of printouts from the Secretary of the Commonwealth of Massachusetts Corporations Division Corporate Database showing that there are no records for entities by the name of EF Educational Tours or EF Education First International, Ltd. Organized or authorized to do business in Massachusetts at any time.

(Doc. 25, at 4; Doc. 27-7, at 7).

The Court may take judicial notice of matters that are generally known within the trial court's territorial jurisdiction and matters that can be accurately determined by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Thus, "[a] court may take

---

[3] That said, Plaintiff does support a potential amendment of the caption in this matter. (Doc. 27-7). Plaintiff recognizes that in their Response to Plaintiff's Request for Admissions, "EF Defendants state that EF Educational Tours is merely a fictitious name or doing business as name for [EF Defendants]." (Doc. 27-7, at 6). Accordingly, Plaintiff provides "so as not to confuse the factfinder given that the evidence is rife with EF Educational Tours, Plaintiffs do not oppose an amendment to the caption to identify Defendants EF Institute for Cultural Exchange, Inc. and EF Education First International, Ltd., Switzerland as d/b/a EF Educational Tours." (Doc. 27-7, at 6).

judicial notice of matters of public record [on a motion to dismiss]." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).; *see also Bruce v. City of Pittston, Pennsylvania*, No. 3:23-CV-00711, 2023 WL 6609023, at *20 n.1 (M.D. Pa. Oct. 10, 2023), *appeal dismissed sub nom. Bruce v. City of Pittston*, No. 23-3081, 2024 WL 2350645 (3d Cir. Apr. 2, 2024). The Court should not, however, take judicial notice of disputed facts. As stated by the Third Circuit "the consequences of a district court's taking judicial notice of disputed facts can be considerable[.]" *United States v. Mitchell*, 365 F.3d 215, 253 (3d Cir. 2004).

Given the early stage of this litigation and the reasonableness of Plaintiff's request that she be able to conduct corporate designee depositions before agreeing to the voluntary dismissal of the two challenged EF Defendants, this Court agrees that dismissal of any of the named EF Defendants is premature at this juncture. While the Court acknowledges EF Defendants' request that this Court take judicial notice of the lack of records supporting EF Education Tours and/or EF Education First International, Ltd. existance as legal entities in Massachusetts, the evidence submitted by Plaintiff in support of her position creates a question of fact as to whether these entities exist or not. Discovery is necessary to make an informed decision on this issue.[4] EF Defendants' motion is therefore **DENIED**. (Doc. 24). Once discovery is closed, EF Defendants may reassert their motion with the benefit of a fully developed record. Further, the Court urges Plaintiff to consider EF Defendant's arguments regarding the efficient adjudication of this matter as she considers her claims against the two challenged EF Defendants.

---

[4] Additionally, the Court declines to amend the caption in this matter until these corporate designee-depositions have occurred.

B. PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff seeks a protective order allowing her to take her deposition remotely under Federal Rules of Civil Procedure 26 (c)(1)(B) and (C). (Doc. 45, at 1). According to Plaintiff, such a protective order "would serve a legitimate interest, protecting this sexual assault victim from unnecessary oppression, burden, and expense." (Doc. 45, at 2). D. Taylor avers that these arguments are "wholly unsupported by law and are insufficient to justify a departure from the general rule that plaintiffs be available for depositions within the forum they have chosen to address their alleged grievances." (Doc. 46, at 1). D. Taylor also provides that he intends to "present and utilize dozens of exhibits during the deposition. Sharing this many exhibits via a remote platform will be cumbersome and will inevitably prolong the deposition." (Doc. 46, at 2). Further, "being required to submit these exhibits in advance to ensure they are uploaded correctly to the chosen platform will prejudice Defendant by forcing them to reveal their strategy prior to the deposition – potentially skewing Plaintiff's responses." (Doc. 46, at 2). EF Defendants make similar arguments in opposition to Plaintiff's motion for a protective order.[5] (Doc. 49).

"A party may, by oral questions, depose any person, including a party, without leave of court [.]" Fed. R. Civ. P. 30(a)(1). Under the Federal Rules, the location of a deposition is to be selected by the party noticing the deposition. Fed. R. Civ. P. 30(b)(1); *see Claiborne v.*

---

[5] In their letter brief to the Court, EF Defendants state, "as evidenced by the fact that the events giving rise to this action occurred while then-minor Plaintiff was traveling without her parents in a foreign country, Plaintiff is clearly capable of traveling to Pennsylvania." (Doc. 47, at 1). The Court finds this statement to be dismissive of the traumatic events alleged by Plaintiff. The Court cautions all counsel to handle this case, and their interactions with Plaintiff, with the care and sensitivity appropriate for a case involving the alleged sexual assault of a minor.

*FedEx Ground Package Sys., Inc.*, No. 2:18-CV-01698-RJC, 2023 WL 8529132, at *6 (W.D. Pa. Dec. 8, 2023). Also, "the general rule with respect to the location of depositions is that a plaintiff will be required to make himself or herself available for depositions in the district in which they filed suit because the plaintiff selected the forum." *Jakubiec v. Camp Nock-A-Mixon, Inc.*, No. CV 10-4244, 2011 WL 13381371, at *1 n.1 (E.D. Pa. July 18, 2011). "This default rule is subject to the Court's power to grant a protective order under Federal Rule of Civil Procedure 26(c)(1)." *Claiborne*, 2023 WL 8529132, at *6. "In determining whether to depart from the default rule, courts have considered whether the party requesting such a departure has set forth an unreasonable hardship or special circumstances warranting the departure." *Claiborne*, 2023 WL 8529132, at *6 (citing G*allagher v. Pelletier*, No. CIV. A. 97-4890, 1997 WL 793591, at *1 (E.D. Pa. Dec. 8, 1997). This is true in instances where a party files a motion for a protective order requesting that their deposition occur via video or telephone conference, such as on Zoom.

"Courts have devised two approaches to evaluating claims of hardship" to appear for a noticing party's chosen location for a deposition. *Sampathachar v. Fed. Kemper Life Assurance Co.*, No. CIV.A. 03-5905, 2004 WL 2743589, at *1 (E.D. Pa. Nov. 24, 2004). In the first approach, the plaintiff bears the burden of demonstrating that they would experience "extreme hardship" by being compelled to appear at the proposed forum. *Sampathachar*, 2004 WL 2743589, at *1. "The second approach puts the burden on the party opposing a telephonic deposition to come forward with a particularized showing as to why a telephonic deposition would be prejudicial." *Sampathachar*, 2004 WL 2743589, at *1. In this case, Plaintiff has failed to meet her burden under either approach. Her motion for a protective order will therefore be denied.

The Court understands that Plaintiff is a student and that traveling to Pennsylvania is inconvenient given her home in California. (Doc. 45, at 1-2). However, Plaintiff chose to bring her suit in Pennsylvania and has failed to present a "particularized showing" of the burden being compelled to travel for her deposition would cause her. (Doc. 45); *Sampathachar*, 2004 WL 2743589, at *1. Plaintiff has likewise failed to describe the type of "extreme hardship" she anticipates would result from an in-person deposition in Pennsylvania. (Doc. 45). *Sampathachar*, 2004 WL 2743589, at *1. As pointed out by EF Defendants, courts in this district have ordered plaintiffs in similar positions to appear for depositions in person, even when doing so would require them to travel internationally. (Doc. 49, at 2); *see Jakubiec*, 2011 WL 13381371, at *1 n.1 (requiring plaintiff, a recent college graduate living in Poland, to travel to Pennsylvania for a deposition). This is consistent with the "general rule" that a plaintiff make herself available for a deposition in the location she filed suit. *See Jakubiec*, 2011 WL 13381371, at *1 n.1. Moreover, given the nature of the claims at issue, the Court finds that Plaintiff's deposition is of the type that videoconferencing would likely be less effective and more difficult for the parties, especially considering the numerous exhibits D. Taylor claims he will be presenting as well as the fact that Plaintiff's testimony is likely to be controversial and emotional. *See McGinley v. Barratta*, No. 06-510, 2006 WL 2346301 at *2 (Aug. 11, 2006, E.D. Pa.) (finding that "telephonic, or even videotaped, depositions are not optimal in the case of 'controversial testimony.'"). Accordingly, Plaintiff's depositions are to be taken in the Middle District of Pennsylvania, at the location designated by the noticing parties. Plaintiff's motion for a protective order is **DENIED**. (Doc. 45; Doc. 46; Doc. 49).

## IV.    CONCLUSION

Based on the foregoing, EF Defendants' motion to dismiss is **DENIED** (Doc. 24) and Plaintiff's motion for a protective order is **DENIED**. (Doc. 45).

An appropriate Order follows.

BY THE COURT:

**Date: October 21, 2024**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**